UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

TROY ENGLISH,

           Plaintiff,

- against -

P.O. AZCAZUBI, P.O. ESTRELLA,
SGT. D. ADAM, EUGENE RIOS,
and SGT. MULLER,

           Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
13-CV-5074 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

On September 6, 2013, plaintiff Troy English, who is presently incarcerated at Rikers Island Correctional Facility, commenced this *pro se* action pursuant to 42 U.S.C. § 1983 and moved for leave to proceed *in forma pauperis*. Plaintiff's request to proceed *in forma pauperis* (Doc. No. 2) is granted. For the reasons set forth below, plaintiff's amended complaint is dismissed in part, to the extent it concerns defendant Rios. (*See* Am. Compl. (Doc. No. 8.) The remainder of the amended complaint may proceed. Plaintiff's motions to appoint counsel (Doc. Nos. 3, 6) are denied with leave to renew.

## BACKGROUND

On or about May 18, 2013, plaintiff was arrested and charged with petit larceny and criminal possession of stolen property in the fifth degree, in connection with his alleged theft of property from a Victoria's Secret store in Brooklyn, New York. (*See* Stmt. of Arresting Officer J. Lockett, Am. Compl. at 7.)

On September 6, 2013, plaintiff commenced this action, but his submissions to the Court were incomplete. His complaint, which he submitted on a Section 1983 complaint form, was

1

missing pages 3–4.  Likewise, his request to appoint counsel was missing pages.  Plaintiff also failed to include the Prisoner Authorization form required to commence an action.  By letter dated September 20, 2013, plaintiff was provided with the proper forms and instructed that he must return the completed forms to the Court.  On October 21, 2013, plaintiff submitted an amended complaint, a Prisoner Authorization form, and a completed motion to appoint counsel.

Although plaintiff makes no allegations against defendant Rios, the statement of Arresting Officer Lockett, which plaintiff annexes to his amended complaint, states that Rios is the manager at the Victoria's Secret store where the theft took place, and that Rios gave a sworn statement to police that he observed plaintiff taking property from the store without paying for it. (*Id.*)

## DISCUSSION

### I. Failure to State a Claim Against Defendant Rios

28 U.S.C. § 1915(e)(2)(B) provides that a district court shall dismiss an *in forma pauperis* action where the court is satisfied that the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant immune from such relief.  An action is frivolous when (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy, or (2) the claim is based on an indisputably meritless legal theory.  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

28 U.S.C. § 1915A, in turn, provides that a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity."  28 U.S.C. § 1915A.  Upon review, the court "shall identify cognizable claims or dismiss

the complaint, or any portion of the complaint, if the complaint" is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

At the pleadings stage, a court must assume the truth of all well-pleaded, non-conclusory factual allegations in a complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 1949–50 (2009)).  A complaint must contain sufficient facts to state a claim to relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys; a court must read a *pro se* complaint liberally and interpret it raising the strongest arguments it suggests.  *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of Section 1983.  *Brentwood Academy v. Tennessee*, 531 U.S. 288, 305–06 (2001); *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Morris v. Katz,* No. 11 CV 3556, 2011 WL 3918965, at *6 (E.D.N.Y. Sept. 4, 2011).  Defendant Rios is a private party, and not a state actor for purposes of 42 U.S.C. § 1983.  Therefore, plaintiff's Section 1983 claims against Rios must be dismissed.

## II.   Motions to Appoint Counsel

The Court may appoint an attorney for an indigent plaintiff where there is a "threshold showing of some likelihood of merit," *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 171–74 (2d Cir. 1989), and after considering such factors as the nature of the factual issues, the need for

substantial investigation, and plaintiff's ability to present the case, among others. *See Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986).

At this stage of litigation, the Court is unable to ascertain whether plaintiff's claims are likely to have merit. *See Griffin v. Brighton Dental Grp.*, No. 09-cv-6616, 2011 WL 841353, at *5 (W.D.N.Y. Mar. 8, 2011); *see also Colon-Reyes v. Fegs Health & Human Servs. Sys.*, No. 12-cv-2223, 2012 WL 2353732, at *1 (S.D.N.Y. June 13, 2012) ("[T]his is not the rare case where the merit of the plaintiff's claim is so apparent that the Court feels compelled to appoint counsel to vindicate the plaintiff's cause."). Further, plaintiff has not shown that the case is especially complex or that he will be unable to litigate it adequately without counsel. *See Harris v. Buffardi*, No. 08-cv-1322, 2009 WL 3381564, at *7–8 (N.D.N.Y. Oct. 19, 2009); *Griffin*, 2011 WL 841353, at *5. Therefore, plaintiff's motions to appoint counsel are denied with leave to renew if future circumstances merit granting such an application.

## **CONCLUSION**

The amended complaint is dismissed in part, to the extent it contains claims against Rios. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Accordingly, no summons shall issue as to Rios. Plaintiff's motions to appoint counsel are denied with leave to renew.

The United States Marshals Service shall serve a copy of the summons, amended complaint, and this Memorandum and Order upon the remaining defendants, as well as courtesy copies of the same upon the City of New York and the Corporation Counsel for the City of New York, Federal Litigation Unit.

The Clerk of the Court shall mail a copy of this Memorandum and Order to plaintiff and note the mailing on the docket.

The case is hereby referred to Magistrate Judge Bloom for pretrial proceedings.

SO ORDERED.

Dated: Brooklyn, New York
       March 17, 2014

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge