UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

TROY ENGLISH,

                    Plaintiff,

                                                           **MEMORANDUM AND
                                                                ORDER**

          - against -                                      13 CV 5074( RRM )(LB)

P.O. AZCAZUBI, P.O. ESTRELLA,
SGT. D. ADAM, and SGT. MULLER,

                    Defendants.
------------------------------------------------------------------------X

ROSLYNN R. MAUSKOPF, United States District Judge:

          On March 26, 2014, the Court's March 17, 2014, Memorandum and Order (Doc. No. 10)

was returned as undeliverable (Doc. No. 12).  A review of the New York City Department of

Correction ("DOC") Inmate Lookup Service reflects that plaintiff is no longer in DOC custody.[1]

          When a party changes addresses, it is that party's obligation to notify the Court of the

new address.  *Virola v. Entire GRVC Dep't of Mental Health Hygeine Serv*s., 12 Civ. 1005, 2014

U.S. Dist. LEXIS 22287, at *4 (S.D.N.Y. Feb. 20, 2014).  This rule applies not only to

represented parties but also to *pro se* litigants.  *See Alomar v. Recard*, 07 Civ. 5654, 2009 U.S.

Dist. LEXIS 124817, at *5–6 (S.D.N.Y. Dec. 16, 2009) (stating that the "duty to inform the

Court and defendants of any change of address is an obligation that rests with all *pro se*

plaintiffs." (internal quotation marks omitted)).  When a *pro se* litigant fails to provide the Court

with notice of a change of address, the Court may deny the litigant's request for relief.  *Dong v.

United States*, No. 02 Civ. 7751, 2004 U.S. Dist. LEXIS 3125, at *9 (S.D.N.Y. Mar. 2, 2004)

---

[1]  *See*  http://a073-ils-web.nyc.gov/inmatelookup/ils/pages/common/find.jsf  (last visited March 27, 2014).
Additionally, on January 30, 2014, the Rikers Island Central Cashier's Office informed the Court that plaintiff has
been discharged.  (Doc. No. 9.)

(dismissing *pro se* litigant's claim because litigant failed to inform court of his current address, causing court to lose contact with him).

Plaintiff has been released from DOC custody and has not informed the Court of his current address. Plaintiff shall provide the Court with his current address within thirty (30) days of this Order's issuance. If plaintiff fails to provide the Court with his current address by that date, the Court will dismiss this case as abandoned. Furthermore, to conserve resources, the Court hereby stays the order directing the United States Marshals Service to serve process on the remaining defendants, pending further court order. The Clerk of Court is directed to mail this Order to plaintiff at the address the docket lists for him. [2]

SO ORDERED.

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated:  April 1, 2014
        Brooklyn, New York

_____

[2] Although plaintiff is no longer in custody, the Rikers Island address is the only address he has provided to the Court. Accordingly, the Clerk of Court shall send this Order to plaintiff at that address.