UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TROY ENGLISH,

        Plaintiff,

    - against -

P.O. AZCAZUBI, P.O. ESTRELLA,
SGT. D. ADAM, and SGT. MULLER,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
13-CV-5074 (RRM)(LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff filed the instant action on September 6, 2013. Before the Court is defendants' motion for failure to prosecute. For the reasons that follow, defendants' motion is granted, and this action is dismissed.

## BACKGROUND

On September 6, 2013, plaintiff Troy English ("plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action against the City of New York and individuals identified as Police Officer Azcazubi, Police Officer Edward Estrella, Sargent Adam Donna, Sargent Muller and Eugene Rios. (Compl. (Doc. No. 1); Am. Compl. (Doc. No. 8) at 1.) At the time of filing, plaintiff was incarcerated at the Anna M. Kross Center on Rikers Island in East Elmhurst, New York. (Compl. at 5.) On October 21, 2013, plaintiff filed (1) an amended complaint, dropping his claims against the City of New York; and (2) a motion to appoint counsel. (Am. Compl.; Mot. Appoint Counsel (Doc. No. 6.).) Plaintiff has had no subsequent communication with this Court.

On October 22, 2013, the Clerk of Court sent a notice to the "Warden or Superintendent" of Rikers Island enclosing plaintiff's authorization to deduct the Court's filing fee from his

prison trust fund. (Clerk's Oct. 23, 2013 Letter (Doc. No. 7).) On January 30, 2014, the Clerk of Court received a response from the Rikers Island Central Cashier's Office indicating that plaintiff had been discharged. (Doc. No. 9.)

On March 17, 2014, this Court issued a memorandum and order granting plaintiff's motion to proceed *in forma pauperis*, denying his motion to appoint counsel, and dismissing the amended complaint as to defendant Rios. (Mar. 17, 2004 Mem. & Order (Doc. No. 10).) The Clerk of Court mailed a copy of the memorandum and order to plaintiff's last known address as listed on the docket, which was returned as undeliverable on or about March 26, 2014. (*See* Doc. No. 12.)

On April 1, 2014, after confirming that plaintiff was no longer in state custody, the Court issued a memorandum and order directing plaintiff to provide the Court with his current address within thirty days and warning that if he did not, the Court would dismiss the case as abandoned. (Apr. 1, 2014 Mem. & Order (Doc. No. 13).) A copy of this memorandum and order was also returned as undeliverable. (*See* Doc. No. 21.)

On June 10, 2014, defendants requested a pre-motion conference to propose a motion to dismiss for failure to prosecute. (Mot. for Pre-Mot. Conference (Doc. No. 19).) The Court denied the request and set a briefing schedule on the proposed motion.

On July 22, 2104, the Clerk of Court confirmed that plaintiff was incarcerated at Marcy Correctional Facility in Marcy, NY, and mailed an updated docket sheet to plaintiff along with the April 1, 2015 memorandum and order and the Court's order setting a briefing schedule. These documents were not returned. According to defendants, plaintiff was released from

Marcy Correctional Facility on August 18, 2014. (*See* Aug. 21, 2014 Letter (Doc. No. 26) at 2.) Plaintiff provided no updated address to the Court.[1]

## DISCUSSION

A district court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Consistent with that inherent authority, applicable law explicitly empowers a district court, in the exercise of its sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575 (noting that the standard of review is abuse of discretion). Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *Lewis*, 564 F.3d at 576 (citations omitted).

A court considering such action should examine five factors. Specifically, a court should consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id.* In weighing the five factors, a court must consider the record of the entire case as a whole. *Id.* A court may find the standard for dismissal satisfied where it

---

[1] A search of the Department of Corrections and Community Supervision website's Inmate Population Information Search shows that plaintiff has been incarcerated at Franklin Correctional Facility in Malone, New York since December 15, 2014 on a parole violation. *See Inmate Population Information Search*, *Dep't of Corrections & Community Supervision*, http://nysdoccslookup.doccs.ny.gov (search "DIN" for "92-A-8861") (last visited Mar. 20, 2014).

3

finds a "pattern of dilatory tactics" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Here, all five factors weigh in favor of dismissal. First, plaintiff has neither advanced his claims nor opposed defendants' proposed motion to dismiss. Although plaintiff has been in and out of several correctional facilities during the pendency of this action, he has not once notified this Court of any change of address and has not communicated with the Court in well over a year. That length of time is sufficient to justify dismissal. *See e.g.*, *Antonio v. Beckford*, No. 05-CV-2225, 2006 U.S. Dist. LEXIS 71859, at *7–9 (S.D.N.Y. Sept. 29, 2006) (citing decisions dismissing cases for delays of three months or more).

Second, plaintiff has been given notice that failure to respond could be grounds for dismissal when, on July 22, 2014, the Clerk mailed several documents to him at Marcy Correctional Facility, including a copy of the Court's April 1, 2014 order directing him to provide an updated address to the Court. That order specifically stated that failure to do so would result in the Court dismissing his case as abandoned. Plaintiff failed to respond.

Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay may prejudice the defendant. *See, e.g.*, *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43). Here, the passage of over a year and half since the filing of the complaint causes memories to fade, evidence to become stale or lost, and in these and other ways, prejudices defendants. Fourth, this dormant case has remained on the Court's docket for more than a year, and there is no indication that plaintiff intends to move it forward. Finally, no lesser sanction than dismissal is likely to be effective given plaintiff's failure to respond to the Court's Order explicitly listing failure to respond as a potential ground for dismissal. The Court notes, as it did in the April 1, 2014 Memorandum and Order, that when

a party, even a *pro se* litigant, changes addresses, it is that party's obligation to notify the Court of the new address. *Virola v. Entire GRVC Dep't of Mental Health Hygeine Servs.*, No. 12-CV-1005 (ER), 2014 U.S. Dist. LEXIS 22287, at *4 (S.D.N.Y. Feb. 20, 2014); *see also Alomar v. Recard*, No. 07-CV-5654 (CS) (PED), 2009 U.S. Dist, LEXIS 124817, at *5-6 (S.D.N,Y. Dec. 16, 2009) (stating that the "duty to inform the Court and defendants of any change of address is an obligation that rests with all *pro se* plaintiffs." (internal quotation marks omitted)).

Thus, taken together, all of these factors warrant dismissal of this action for failure to prosecute.

## CONCLUSION

For the reasons set forth above, this action is dismissed for failure to prosecute. The Clerk of Court is respectfully requested to enter judgment accordingly, and close this case. The Clerk of Court is directed to mail this Memorandum and Order and the accompanying judgment to plaintiff at the following address: Troy English, 92-A-8861, Franklin Correctional Facility, 62 Bare Hill Road, Malone, NY 12953, and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
      March 20, 2015

_____
ROSLYNN R. MAUSKOPF
United States District Judge